IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**CYNTHIA M. P. BURTON,**

      Plaintiff,

v.                                                                              Case 2:13-cv-02070-JDT-cgc

**CITY OF MEMPHIS,
HONORABLE MAYOR A. C.
WHARTON, MEMPHIS
POLICE DEPARTMENT,
and OFFICER JAMES A. WALTON,**

      Defendants.

**REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING
PURSUANT TO 28 U.S.C. § 1915 AND ON CERTIFICATION OF APPEALABILITY
PURSUANT TO RULE 24 OF THE FEDERAL RULES OF APPELLATE PROCEDURE**

**ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS**

Before the Court is Plaintiff Cynthia M. P. Burton's pro se Complaint (Docket Entry "D.E." #1), which must be screened pursuant to 28 U.S.C. § 1915 ("Section 1915") as Plaintiff is proceeding in forma pauperis (D.E. #3). The instant motion has been referred to the United States Magistrate Judge for determination or report and recommendation as appropriate. (D.E. #5). For the reasons set forth herein, it is recommended that Plaintiff's claims, with the exception of his Americans with Disabilities Act claim against the City of Memphis, fail to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915. As to the Americans with Disabilities Act claim against the City of Memphis that survives Section 1915 review, it is ordered that the Clerk issue and effect service of process upon the City of Memphis as set forth below.

1

## I. Background

Plaintiff's Complaint alleges claims for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12111, *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, ("Title VII"), and 42 U.S.C. § 1983 ("Section 1983"), as well as claims of intentional and negligent infliction of emotional distress. Plaintiff alleges that, on or about August, 2007 until present, she "continuously telephoned the Memphis police department [("MPD")] with numerous complaints" and attempted to explain "that she was a severely disabled paranoid schizophrenic and taking medication" and that she was "permanently and severely disabled." (Compl. ¶16). Plaintiff states that, on or about June 25, 2009, the MPD "inflicted police brutality" upon her and "escort[ed]" her to the Community Behavioral Health Hospital ("CBHH"), a mental health facility. (*Id.*) Plaintiff states that, on or about November 7, 2009, MPD again "escorted" her to CBHH. (*Id.*) Plaintiff alleges that, on or about August 7, 2012, MPD entered her home illegally, "harassing, brutalizing . . . and arresting" her, placed her in the Shelby County Correctional Center ("SCCC"), then placed her at "201 Poplar," which is the Shelby County Jail facility, and then took her to "CBH CMPB." (*Id.*)

## II. Section 1915 Screening

Pursuant to Section 1915, in proceedings in forma pauperis, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a pleading must include a "short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### A.  Title VII

First, Plaintiff alleges disability discrimination in violation of Title VII. (Compl. § II). Title VII covers employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Allegations of discrimination on the basis of disability are not covered by Title VII, nor are claims that are not related to employment. Accordingly, it is recommended that Plaintiff's Title VII claim fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### *B. ADA*

Next, Plaintiff alleges disability discrimination in violation of the ADA.  (Compl. § I).  Title II of the ADA covers discrimination in public services and provides as follows: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132; *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004).  The term "public entity" includes state and local governments, as well as their departments, agencies, and instrumentalities.  *Tucker v. Tennessee*, 443 F. Supp. 2d 971, 972 (W.D. Tenn. 2006) (citing 42 U.S.C. § 12131(1)).

A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable modifications . . . , meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."  *Tucker*, 443 F. Supp. 2d at 972-73 (quoting 42 U.S.C. § 12131(2)).  Mental health diagnoses, including paranoid schizophrenia, may meet this requirement if they substantially limit a major life activity.  *Atwell v. Hart Cty., Ky.*, 122 Fed. Appx. 215, 219 (6th Cir. 2005) (quoting *Sutton v. United Air Lines, Inc.*, 534 U.S. 184, 195-97 (2002)).  Compensatory damages may be recovered under the ADA if the plaintiff proves intentional discrimination.  *Tucker*, 443 F. Supp. 2d at 973 (citations omitted).

In *Tucker*, this Court concluded that whether an arrest is a "service, program, or activity" to which the ADA applies "appears to be a fact-specific determination."  *Id.* at 975 (citing cases).  The *Tucker* court considered whether the arrest was an "in-the-field action or on-the-street arrest" or was a more peaceful, calm intervention of law enforcement assistance.  *Id.* at 976.  Likewise, other

District Courts within the Sixth Circuit have opined that a plaintiff may bring an ADA claim for certain actions of law enforcement arising out of an arrest depending upon the facts of the particular case. *See*, *e.g.*, *Scozzari v. City of Clare*, 723 F. Supp. 2d 974 (2010). Specifically, a "wrongful arrest" ADA claim is cognizable when police officers have "'wrongly arrested someone with a disability because they misperceived the effects of that disability as criminal activity.'" *Scozzari*, 723 F. Supp. 2d at 979. Under certain circumstances, a plaintiff may also pursue an ADA claim for failure to reasonably accommodate the plaintiff's disability during the arrest. *Id*. at 980. A plaintiff may not, however, pursue a "failure to train" ADA claim arguing that law enforcement officials would have handled the arrest properly if they had been properly trained to "handle individuals with mental health problems." *Id*. at 981 (quoting *Dillery v. City of Sandusky*, 398 F.3d 562, 568 (6th Cir. 2005)).

Upon review, Plaintiff alleges that she is a qualified individual with a disability based upon her diagnosis with paranoid schizophrenia. Plaintiff alleges that she was intentionally harmed, harassed, and discriminated against due to her mental disability. Specifically, Plaintiff alleges three encounters with MPD where she was harassed and suffered brutality. Such allegations suffice to survive Section 1915 review; however, the question of which Defendants are proper to allege such claims against remains.

As an initial matter, Plaintiff seeks to sue both the City of Memphis and the Memphis Police Department. However, the City of Memphis alone is the appropriate defendant, as the Memphis Police Department is not a suable entity that is separate from the City itself. *See*, *e.g.*, *Tucker*, 443 F. Supp. 2d at 972 n.2. Thus, it is recommended that Plaintiff's claim against the Memphis Police Department fails to state a claim upon which relief may be granted and should be dismissed pursuant

to Section 1915.

Plaintiff further seeks to sue "Honorable Mayor A. C. Wharton" and "Officer James A. Walton." Plaintiff's Complaint does not allege any actions that either individual took that she asserts violate the ADA. Further, to the extent Plaintiff seeks to bring claims against these individuals in their official capacity, such claims are redundant to her claims against the City of Memphis. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n.55 (1978); *see also Ernest Moore v. Lieutenant Tanner*, No. 07-CV-10442, 2008 WL 3876346, at \*6 (E.D. Mich. Aug. 18, 2008) (concluding that ADA actions may be brought *either* by naming a public entity *or* by suing an agent of an entity in his or her official capacity, as an official capacity suit under *Monell* generally represents only another way of pleading an action against the entity). To the extent that Plaintiff seeks to bring claims against these individuals in their individual capacities, Title II of the ADA does not permit such claims. *See Everson v. Leis*, 556 F.3d 484, 501 at n.7 (6th Cir. 2009); *Williams v. McLemore*, 247 Fed. Appx. 1, 8 (6th Cir. 2007); *see also* 42 U.S.C. § 12131(1) (Title II only applies to a "public entity"). Thus, it is recommended that Plaintiff's ADA claims against Honorable Mayor A. C. Wharton and Officer James A. Walton fail to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

In sum, it is recommended that Plaintiff's ADA claim against the City of Memphis states a claim upon which relief may be granted and survives Section 1915 review. The Court will address issuance of service of process in Section III, *infra*. It is further recommended that Plaintiff's ADA claims against the Memphis Police Department, Honorable Mayor A.C. Wharton, and Officer James A. Walton fail to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### *C.  Section 1983*

Next, Plaintiff has alleged a violation of Section 1983.  As already addressed in Section II.B, *supra*, such an action may not be maintained against both the City of Memphis and the Memphis Police Department.  Instead, it should only be brought against the City of Memphis.  Such an action also may not be maintained against "Honorable Mayor A.C. Wharton" or "Officer James A. Walton" in their individual capacities and would be redundant to a claim against the City of Memphis in their official capacities.  Accordingly, it is recommended that Plaintiff's Section 1983 claims against the Memphis Police Department, Honorable Mayor A. C. Wharton, and Officer James A. Walton fail to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

As to Plaintiff's Section 1983 claim against the City of Memphis, to successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law.  *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).  Plaintiff's Complaint does not allege any right secured by the Constitution or laws of the United States of which she was deprived.  Instead, Plaintiff's Complaint only cursorily states that she suffered "police brutality" during the June 25, 2009 and August 7, 2012 interactions with the Memphis Police Department.

Section 1983 itself "creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)).  Absent an allegation of the deprivation of rights under the United States Constitution or other laws of the United States, it is recommended that Plaintiff has failed to state a claim upon which relief may be granted against the City of Memphis and that Plaintiff's Section 1983 claim should be dismissed pursuant to Section

1915.

### D. *Intentional and Negligent Infliction of Emotional Distress*

Finally, Plaintiff alleges claims for the intentional infliction of emotional distress and the negligent infliction of emotional distress. Under Tennessee law, "[o]ne who by extreme and outrageous conduct . . . causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm results from it, for such bodily harm." *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 51 (Tenn. 2004). To state a claim for intentional infliction of emotional distress, a plaintiff must establish that (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was so outrageous that it cannot be tolerated by civilized society; and, (3) the defendant's conduct resulted in serious mental injury to the plaintiff. *Id.* (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). To state a claim for negligent infliction of emotional distress, a plaintiff must establish the elements of a general negligence claim: (1) duty, (2) breach of duty, (3) injury or loss, (4) causation in fact, and (5) proximate causation. *Lourcey*, 146 S.W.3d at 52 (citing *Camper v. Minor*, 915 S.W.2d 437, 446 (Tenn. 1996)). "In addition, the plaintiff must establish the existence of a serious or severe emotional injury that is supported by expert medical or scientific evidence." *Lourcey*, 146 S.W.3d at 52.

Upon review, Plaintiff's Complaint only contains vague and conclusory statements with respect to these two claims. Plaintiff's Complaint does not allege any facts to support either claim but merely recites the general elements of the claims. Further, Plaintiff's Complaint fails to identify who she alleges to have inflicted the alleged intentional or negligent infliction of emotional distress, merely stating that it was committed by "defendant agency" and "defendants." Such threadbare allegations are insufficient to plead claims for intentional or negligent infliction of emotional

8

distress. Accordingly, it is recommended that Plaintiff's claims for intentional and negligent infliction of emotional distress fail to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

**III. Service of Process**

The Court has recommended that Plaintiff's ADA claim against the City of Memphis states a claim upon which relief may be granted and survives Section 1915 review. Accordingly, it is ORDERED that the Clerk shall issue process for Defendant and deliver that process to the marshal for service. Process shall include a copy of Plaintiff's Complaint.

Service shall be made on Defendant pursuant to Rule 4(j) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States. It is further ORDERED that Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and the local rules of this Court. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

**IV. Certification of Appealability**

The Court has further recommended that Plaintiff's remaining claims be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted. Upon these recommendations on these claims, the Court must further consider whether it should be recommended that Plaintiff be allowed to appeal this decision in forma pauperis, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*,

178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies the pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for the district court does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead to the recommendation that the District Court dismiss the complaint in this case for failure to state a claim upon which relief may be granted also compel the recommendation that an appeal would not be taken in good faith. Accordingly, it is recommended that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Plaintiff is not taken in good faith and that leave to proceed in forma pauperis on appeal be DENIED. It is further recommended that, if Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**DATED** this 10th day of October, 2013.

s/ Charmiane G. Claxton

                                        CHARMIANE G. CLAXTON
                                      UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**