IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**CYNTHIA M. P. BURTON,**

      Plaintiff,

v.                                                    Case 2:13-cv-02070-JDT-cgc

**CITY OF MEMPHIS,**

      Defendant.

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND ON PLAINTIFF'S MOTION TO AMEND**

Before the Court are the following motions: Defendant City of Memphis's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Docket Entry "D.E." #22); Plaintiff's Motion for Summary Judgment (D.E. #27); and, Plaintiff's Motion to Amend (D.E. #28). The instant motions have been referred to the United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). (D.E. #5). For the reasons set forth herein, it is recommended that Plaintiff's Motion to Amend be DENIED, that Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment be GRANTED, and that Plaintiff's Motion for Summary Judgment be deemed as MOOT.

**I. INTRODUCTION**

On February 1, 2013, Plaintiff filed a *pro se* Complaint alleging various causes of action against several defendants. (D.E. #1). Specifically, Plaintiff alleges that, in or around August, 2007

1

until present, she "continuously telephoned the Memphis police department [("MPD")] with numerous complaints" and attempted to explain "that she was a severely disabled paranoid schizophrenic and taking medication" and that she was "permanently and severely disabled." (Compl. ¶16). Plaintiff states that, on or about June 25, 2009, the MPD "inflicted police brutality" upon her and "escort[ed]" her to the Community Behavioral Health Hospital ("CBHH"), a mental health facility. (*Id*.) Plaintiff states that, on or about November 7, 2009, MPD again "escorted" her to CBHH. (*Id*.) Plaintiff alleges that, on or about August 7, 2012, MPD entered her home illegally, "harassing, brutalizing . . . and arresting" her, placed her in the Shelby County Correctional Center ("SCCC"), then placed her at "201 Poplar," which is the Shelby County Jail facility, and then took her to "CBH CMPB." (*Id*.)

On October 10, 2013, the United States Magistrate Judge entered a Report and Recommendation on In Forma Pauperis Screening Pursuant to 28 U.S.C. Section 1915, which recommended that all of Plaintiff's claims failed to state a claim upon which relief may be granted with the exception of Plaintiff's Americans with Disabilities Act ("ADA") claim against the City of Memphis. Over no objections, the United States District Judge adopted the Magistrate Judge's Report and Recommendation.

On August 29, 2014, Defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on three grounds: (1) that most of Plaintiff's factual allegations—specifically those that occurred before February 1, 2012— are time-barred by the one-year statute of limitations; (2) there is no genuine dispute of material fact as to whether Plaintiff was discriminated against solely on the basis of her disability; and, (3) that Defendant is entitled to qualified immunity because Officer Walton did not violate any clearly established law. On September 9, 2014, Plaintiff filed

a Response in opposition to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (D.E. #23). On September 29, 2014, Plaintiff filed a Motion for Summary Judgment. (D.E. #27). Also on September 29, 2014, Plaintiff filed a Motion to Amend seeking to file an Amended Complaint. (D.E. #28). Defendant responded to Plaintiff's Motion for Summary Judgment on October 13, 2014 (D.E. #30), and Plaintiff filed a second Response to Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment on October 27, 2014 (D.E. #31).

## II. PROPOSED FINDINGS OF FACT

On or about August 7, 2012, Officer James A. Walton ("Officer Walton") participated in the arrest of Plaintiff. (Affidavit of James A. Walton ("Walton Aff.") ¶3). Upon being called to the home of Plaintiff and Elijah Burton, Plaintiff "pushed her door closed" on Officer Walton and "repeatedly struck [him] with open hands." (*Id.*). Based upon Plaintiff's actions, Officer Walton determined that there was probable cause to arrest Plaintiff and transported her to Jail East. (*Id.* ¶¶ 3-4). At no time did Officer Walton do or say anything that was any different from the usual manner in which he conducts detentions, arrests, or transportation of arrestees, nor did Officer Walton witness any other City employee proceed in any manner that would not have been proper. (*Id.*)

## III. ANALYSIS

### A. *Plaintiff's Motion to Amend*

First, the Court will consider Plaintiff's Motion to Amend, as the recommendation on which pleading is the operative pleading would affect the recommendation on any dispositive motions. Upon review, Plaintiff's Motion to Amend seeks to add the following new claims against Defendant City of Memphis: discrimination on the basis of race under the ADA, 42 U.S.C. §§ 12101, *et seq.*;

3

discrimination on the basis of disability and race under Title VII, 42 U.S.C. §§ 2000e, *et seq.*; and, discrimination on the basis of disability and race under Section 1983, 42 U.S.C. § 1983.

Rule 15 of the Federal Rules of Civil Procedure provides the manner for amending pleadings. Before trial, Rule 15(a)(1) governs amendments as a matter of course, and Rule 15(a)(2) governs "other amendments." Plaintiff's Motion to Amend does not comply with any of Rule 15(a)(1)'s provisions to amend as a matter of course; thus, Plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Unless the opposing party can show undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility of amendment may be demonstrated if a defendant can show that a plaintiff's proposed amendment is incapable of surviving a motion to dismiss. *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991).

First, Plaintiff's Motion to Amend was filed over one month after the August 19, 2014 deadline in the Court's Scheduling Order for all motions to amend pleadings. (D.E. #16). Thus, it is recommended that Plaintiff's Motion to Amend should be denied on that basis alone. Further, it is recommended that Plaintiff's proposed amendments create undue prejudice because they were filed after Defendant's filing—and Plaintiff's filing—of dispositive motions. Finally, it is recommended that Plaintiff's proposed amendments would be futile. As to Plaintiff's proposed amended claim of discrimination on the basis of race under the ADA, the ADA does not cover discrimination on that ground. *See* 42 U.S.C. § 12123 (stating that the ADA covers discrimination

4

"by reason of such disability"). As to Plaintiff's proposed amended claims of discrimination on the basis of race and disability under Title VII, Plaintiff has not alleged that he exhausted his remedies as required under Title VII. *See* 42 U.S.C. § 2000e(5); *Brown v. General Servs. Admin*, 425 U.S. 820, 823-33 (1976); *Williams v. Northwest Airlines*, 53 Fed. Appx. 250, 251 (6th Cir. 2002). As to Plaintiff's proposed amended claims of discrimination on the basis of race and disability under Section 1983, Plaintiff has not alleged what deprivation of constitutional rights or federal law she has suffered but instead only generally alleged that she was "deprived of rights, privileges and immunities secured to her by the federal and state civil rights laws." *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (concluding that the first prong of a Section 1983 action is to allege the deprivation of a right secured by the Constitution or laws of the United States); *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, for the reasons set forth above, it is recommended that Plaintiff's Motion to Amend be DENIED.

### B. Defendant's Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal

5

conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and

6

emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

Tennessee law requires that actions brought under federal civil rights statutes shall be commenced within one year after the cause of action accrued. Tenn. Code Ann. § 28-3-104(a)(3). While the ADA has no statute of limitations, the United States Supreme Court has directed courts to look to analogous state statutes when a federal law is silent on the limitations period. *Brian R. Williams v. Trevecca Nazarene College*, No. 97-5705, 1998 WL 553029, at 1 n.2 (6th Cir. Aug. 17, 1998) (citing *DelCostello v. Teamsters*, 462 U.S. 151, 158-59 (1983)). The United States Court of Appeals for the Sixth Circuit has held that the most closely-analogous state statute is Tennessee Code Annotated Section 28-3-104, which allows one year to commence suit. *Williams*, 1998 WL 553029 at 1 n.2. An ADA claim filed beyond the one-year statute of limitations are subject to dismissal as time-barred. *See Cherrion Pollard Pointer v. Corrections Corp. of America*, No. 12-1292, 2013 WL 4505697, at *1 (W.D.Tenn. Aug. 22, 2013) (dismissing ADA claims filed seventeen months after alleged incidents pursuant to Rule 12(b)(6) and Tennessee Code Annotated Section 28-3-104 as time-barred). Accordingly, it is recommended that all of Plaintiff's allegations in her Complaint relating to events that occurred before February 1, 2012 be dismissed pursuant to Rule 12(b)(6) and Tennessee Code Annotated Section 28-3-104. Thus, it is recommended that the sole remaining claims before the consideration of the pending motions for summary judgment are those pertaining to the events of August 7, 2012.

### C. *Defendant's Motion for Summary Judgment*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial

exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Section 12132 of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A plaintiff asserting a claim under Section 12132 must demonstrate that she suffered the unlawful discrimination "*solely* by reason of [disability]." *Sandison v. Mich. High School Ath. Ass'n, Inc.*, 64 F.3d 1026, 1036 (6th Cir. 1995).

Upon review, Defendant has put forth evidence that Officer Walton arrested Plaintiff for physically attacking him upon his arrival at her residence. Plaintiff has not put forth any evidence whatsoever, including any evidence to refute Officer Walton's belief that the arrest was based upon probable cause or to affirmatively demonstrate that she was arrested or treated unlawfully on the basis of her disability. Accordingly, there is no genuine issue of material fact as to whether Plaintiff was discriminated against on the basis of her disability under the ADA. Thus, it is recommended that Defendant's Motion for Summary Judgment on Plaintiff's ADA claim arising out of the events of August 12, 2012 be GRANTED.

### D. *Plaintiff's Motion for Summary Judgment*

As it is recommended that Plaintiff's ADA claims arising out of events occurring before February 1, 2012 be dismissed pursuant to Rule 12(b)(6) and Tennessee Code Annotated Section 28-3-104, and as it is recommended that Plaintiff's ADA claims arising out of the events of August

12, 2012 be dismissed pursuant to Rule 56, it is further recommended that Plaintiff's Motion for Summary Judgment is hereby moot.

## IV. CONCLUSION

For the reasons set forth herein, it is recommended that Plaintiff's Motion to Amend be DENIED, that Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment be GRANTED, and that Plaintiff's Motion for Summary Judgment be deemed as MOOT.

**DATED** this 7th day of November, 2014.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**