# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA M.P. BURTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 13-2070-JDT-cgc |
| | ) | |
| CITY OF MEMPHIS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AND
DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Cynthia M.P. Burton, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on February 1, 2013, and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* on February 4, 2013. (ECF No. 3.) On October 31, 2013, the Court adopted a Report and Recommendation ("R&R") by U.S. Magistrate Judge Charmiane G. Claxton to partially dismiss the complaint *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); process was issued for the remaining Defendant, the City of Memphis, on Plaintiff's claim under the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §§ 12111 *et seq*. (ECF Nos. 7 & 10.)

The City filed a motion for summary judgment on August 29, 2014. (ECF No. 22.) On September 29, 2014, Plaintiff filed a motion for summary judgment (ECF No. 27) and a motion to amend the complaint (ECF No. 28). Magistrate Judge Claxton issued an R&R on November 7,

2014, in which she recommended that Plaintiff's motion to amend and motion for summary judgment be denied and that Defendant's motion for summary judgment be granted. (ECF No. 33.) Plaintiff filed timely objections to the R&R (ECF No. 34), and the City filed a response (ECF No. 36).

With regard to Plaintiff's motion to amend, Magistrate Judge Claxton first noted that it was filed after the deadline for amending pleadings had expired and was subject to denial on that basis alone. However, she also determined that the proposed amendment would be futile because it fails to state a claim on which relief may be granted. The Court agrees with that conclusion.

As to the motions for summary judgment, the Magistrate Judge found the City had submitted evidence that Plaintiff physically attacked Officer James Walton when he and another officer arrived at her residence after she called the non-emergency number of the Memphis Police Department on August 7, 2012. Therefore, there was probable cause for her arrest. In addition, Magistrate Judge Claxton found there was no evidence that Plaintiff was mistreated or discriminated against on the basis of her disability.[1]

On November 20, 2014, Plaintiff submitted the affidavit of her husband, Elijah Burton (ECF No. 35), apparently in a belated attempt to create a genuine issue of material fact. However, Plaintiff had ample opportunity to submit evidence in opposition to Defendant's motion for summary judgment and in support of her own motion, and the Court finds this tardy submission need not be considered. However, even if the affidavit is considered, it would not alter the Court's decision to adopt the R&R. Mr. Burton's affidavit indicates that he was occupied with moving the couple's dogs into another room of the house when the officers entered the residence. He states that he *heard*

---

[1] Plaintiff allegedly suffers from mental illness, including paranoid schizophrenia. (ECF No. 1 at 4, ¶ 16.)

the altercation between the officer and Plaintiff but could not get to her. (*Id.* at 2.) Mr. Burton cannot definitely state that Plaintiff did not hit Officer Walton and thereby create probable cause for her arrest. The affidavit also is insufficient to refute the City's evidence that Plaintiff was not mistreated on the basis of her disability.

The Court agrees with the Magistrate Judge's recommendation to deny leave to amend and grant summary judgment to the City. Therefore, the Court ADOPTS the recommendation of the Magistrate Judge. For the reasons set forth in the R&R, Plaintiff's motion to amend is DENIED, Plaintiff's motion for summary judgment is DENIED, and Defendant's motion for summary judgment is GRANTED.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to grant summary judgment also compel the conclusion that an appeal would not be taken in good faith.

3

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[2]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of motions intended for filing in the Sixth Circuit.